STATE ex SHELTON v INDUST COMM
Ohio Supreme Court
No 21484. Decided May 29, 1929

Syllabus by ROBINSON, J.

**EMPLOYER & EMPLOYE**

(250 Ic2) At a rehearing under 1465-90, GC, evidence taken upon oath, in the form of depositions before the Industrial Commission of Ohio or one of its referees, and filed in the case with the Commission, may be offered in evidence, by letter, by either the claimant or the state, and it thereupon becomes the mandatory duty of the Commission to pass upon its admissibility.

Marshall, CJ, Kinkade, Jones, Matthias, Day and Allen, JJ, concur.

COHEN v SPITZ CO
Ohio Supreme Court
No 21454. Decided May 29, 1929

Syllabus by JONES, J.

**REAL ESTATE**

(510 B2e) S., a broker having real property listed with him for sale, orally promised C. that he would divide the commission with him if C. secured a purchaser for the property. C. did so, and as a result S. received a commission from the owner. Upon refusal of S. to pay according to his oral agreement, C. brought suit for one-half the commission. **Held:**

This was an action based on an oral agreement to pay a commission for the sale of an interest in real estate and, by the express terms of 8621 GC, is unenforceable.

The statute applies not only to oral agreements between owner and broker but also to those made between the broker and a third person.

Marshall, CJ, Kinkade, Robinson, Matthias, Day and Allen, JJ, concur.

CARRUTHERS et v KENNEDY et
Ohio Supreme Court
No 21576. Decided May 29, 1929

Syllabus by MARSHALL, CJ.

**DEBTOR & CREDITOR**

(210 Be) A conveyance by an insolvent debtor in contemplation of insolvency, made with a design to prefer the purchaser to the exclusion in whole or in part of other creditors, the purchaser not knowing of such insolvency or of the design to prefer but believing the vendor to be solvent, is valid.

A conveyance by an insolvent debtor in contemplation of insolvency, made with intent to hinder, delay and defraud creditors, the purchaser not knowing of such insolvency or of such fraudulent intent, is valid.

That part of 11105 GC, which provides that the provisions of 11104 GC shall not apply unless the person or persons to whom a sale, conveyance, transfer, mortgage or assignment is made knows of such fraudulent intent on the part of the debtor or debtors, has application to a design to prefer one creditor to the exclusion in whole or in part of other creditors, and likewise has application to a conveyance made with intent to hinder, delay and defraud creditors.

Kinkade, Robinson, Jones, Matthias and Day, JJ, concur.

STATE ex BURTZALFF v VICKERY et
Ohio Supreme Court
No 21716. Decided May 29, 1929

Syllabus by MARSHALL, CJ.

**ACTIONS**

(10 P2) Where the original jurisdiction of this court is invoked to obtain a writ of prohibition to restrain the enforcement of a judgment rendered in the court of appeals, on the ground that the court of appeals did not have jurisdiction to hear and decide the cause in that court, and where it also appears that an error proceeding is pending in this court seeking a review of the judgment rendered in the court of appeals, which error proceeding properly presents the question of the jurisdiction of the court of appeals, the writ of prohibition will be denied.

Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ, concur.